Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*
HENRY HERRERA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
HENRY HERRERA, on behalf of himself and all others similarly situated,

                        Plaintiff,

   -against-

THE GOOD STEER DRIVE-IN INC. d/b/a
THE GOOD STEER and ROBERT L. MCCARROLL,

                        Defendants.
---------------------------------------------------------------------x

**COMPLAINT**

*Jury Trial Demanded*

    Plaintiff, HENRY HERRERA, on behalf of himself, and on behalf of all others similarly situated, by and through his attorneys, FRANK & ASSOCIATES, P.C., complaining of the Defendants, alleges as follows:

### INTRODUCTION

    1.    The Good Steer Drive-In Inc. d/b/a The Good Steer (hereinafter "The Good Steer") is a family owned businesses engaged in the restaurant business located in Lake Grove, New York.

    2.    Plaintiff and similarly situated employees performed non-exempt work for the Defendants, including cooking and/or preparing food, washing dishes and cleaning the restaurants.

1

3. Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours in a workweek, but were not paid overtime in violation of the FLSA and New York Labor Law.

4. Plaintiff seeks to recover unpaid minimum and overtime wages that Defendants owe him and similarly situated current and former non-exempt employees. Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of herself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

5. Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former non-exempt employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages and spread-of-hours pay, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of

New York, and maintain a place of business at 2810 Middle Country Road, Lake Grove, New York.

## THE PARTIES

8. The Plaintiff, Henry Herrera, is a resident of the County of Suffolk, State of New York.

9. At all times relevant to the complaint, Plaintiff, Henry Herrera, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

10. The Plaintiff, Henry Herrera, has employed by the Defendants at The Good Steer from in or about May 2008 to present.

11. The Plaintiff, Henry Herrera, has performed non-exempt duties for the Defendants. His primary job duty has involved food preparation.

12. Defendant The Good Steer was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

13. At all times relevant, Defendant, The Good Steer was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

14. Upon information and belief, the Defendant Robert L. McCarroll ("McCarroll") owns and/or operates The Good Steer.

15. Upon information and belief, the Defendant McCarroll is the President or Chief Executive Officer of The Good Steer.

16. Upon information and belief, the Defendant McCarroll is a shareholder of the Defendant The Good Steer.

17. Upon information and belief, the Defendant McCarroll has the authority over personnel decisions of the Defendant The Good Steer.

18. Upon information and belief, the Defendant McCarroll has the authority over payroll decisions of the Defendant The Good Steer.

## FACTS

19. At all times hereinafter mentioned, Plaintiff Henry Herrera was required to be paid overtime pay at the statutory rate of time and one-half his regular rate of pay after he had worked forty (40) hours in a workweek.

20. Plaintiff regularly worked in excess of ten (10) hours in a single day.

21. From in or about May 2008 to in or about February 2013, Plaintiff worked from 9:00 a.m. to 10:00 p.m., Tuesday through Sunday. From in or about February 2013 to present, Plaintiff has worked 8:00 a.m. to 10:00 p.m., Tuesday through Sunday.

22. Plaintiff Henry Herrera worked more than forty hours in most workweeks in which he was employed by the Defendants.

23. Defendants failed to compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular hourly rate, throughout the entire term of his employment with the Defendants.

24. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate time sheets and payroll records.

25. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §137–2.3.

26. Defendants paid Plaintiff, at times, wholly or partially in cash, without providing an accurate indication as to his rate of pay, hours worked each day, and the total hours worked each week.

27. Defendants wilfully failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day plaintiff's spread of hours exceeded ten (10), as required by 12 NYCRR §142-2.4.

28. Defendants denied Plaintiff time off for meals and breaks. On numerous occasions, Plaintiff received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, nor the twenty minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

30. Plaintiff also brings FLSA claims on behalf of himself all non-exempt employees of Defendants who give their consent, in writing, to become a plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, and cleaning and/or maintaining the premises at any time during the three (3) years prior to the filing of their respective consent forms.

31. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

32. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

33. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

34. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for Defendants and have performed non-exempt duties, including but not limited to, preparing and/or cooking food, washing dishes,

cleaning and/or maintaining the premises, and unloading trucks at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

35. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

36. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

37. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

38. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    (a) Whether the Defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    (b) Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

    (c) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

(d) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(e) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

(f) Whether Defendants failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(g) Whether Defendants failed and/or refused to pay Plaintiff and the Rule 23 Class spread-of-hours pay when their spread of hours exceeded ten hours;

(h) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(i) Whether Defendants' general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

39. The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants in non-exempt positions and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

40. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

41. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

42. Plaintiffs has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

43. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class

treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

44. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FOR FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

47. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

48. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

49. As a result of Defendants' unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## FOR FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF NEW YORK LABOR LAW

50. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

52. By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

53. Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### FOR DEFENDANTS' FAILURE TO PAY THE
### PREMIUM REQUIRED BY 12 NYCRR §142-2.4

54. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff regularly worked in excess of ten (10) hours in a single day.

56. Defendants willfully failed to pay Plaintiff and the Rule 23 Class Members one additional hour pay at the basic minimum wage rate before allowances for each day their spread of hours exceeded ten (10), as required by 12 NYCRR §142-2.4.

### FOURTH CLAIM FOR RELIEF
### FOR DEFENDANTS' VIOLATION OF
### NEW YORK STATE LABOR LAW §195

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants failed to provide Plaintiff with notice of his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York State Labor Law.

59. Plaintiff and the Rule 23 Class Members are entitled to damages pursuant to Section 195 of the Labor Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i)  Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)  Unpaid overtime and spread of hours pay and damages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iii)  Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv)  Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v)  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi)  All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)  Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Farmingdale, New York
      May 15, 2014

                      FRANK & ASSOCIATES, P.C.

By: _____
Peter A. Romero (PR-1658)
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiff*
HENRY HERRERA